dates of withdrawal. 26 U. S. C. § 2800 (a) (1), as amended by 54 Stat. 524, 55 Stat. 708, 56 Stat. 970, and 58 Stat. 61. No internal revenue tax was assessed on the merchandise which had been exported. It is against this re-reliquidation that the present protest has been lodged.

The protest does not question the legality of the re-reliquidation, which took place more than a year after the reliquidation, at which time all of the merchandise had been exported or withdrawn from warehouse for consumption. The plaintiff claims only that duty should have been assessed on the same quantity as that on which internal revenue tax was assessed. The Government has submitted a notice stating that it does not desire to file a brief.

On the record before us, and confining the decision to the issues presented, we hold that duty should have been assessed only on the quantity of merchandise subject to internal revenue tax. Public Law 612 (62 Stat. 344); *Austin, Nichols & Co.* v. *United States*, 22 Cust. Ct. 33, C. D. 1155.

The protest is sustained and judgment will be rendered directing the collector to reliquidate the entry and make refund of all duty taken upon any quantity of merchandise in excess of the quantity withdrawn from warehouse for consumption.

BEFORE THE FIRST DIVISION, APRIL 4, 1957

**No. 60601.**—Tuck High & Co. v. United States, protest 275499–K (New York).

Opinion by WILSON, J. In accordance with stipulation of counsel that the merchandise consists of fish similar in all material respects to that the subject of Abstract 60311, the claim of the plaintiff was sustained.

BEFORE THE SECOND DIVISION, APRIL 4, 1957

**No. 60602.**—Sintered Carbide Corp. and Airport Clearance Service et al. v. United States, protests 253678–K, etc. (New York).

Opinion by LAWRENCE, J. In accordance with stipulation of counsel that the merchandise is the same in all material respects as the tungsten carbide bars the subject of Abstract 58268, the claim of the plaintiffs was sustained.

**No. 60603.**—Sintered Carbide Corp. and Airport Clearance Service et al. v. United States, protests 255164–K, etc. (New York).